**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Adelina Pepenella, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Algenist LLC and Tengram Capital Partners LP,<br><br>Defendants. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Adelina Pepenella ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Algenist LLC and Tengram Capital Partners LP (collectively, "Algenist"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on her personal knowledge.

## NATURE OF THE ACTION

1. Algenist formulates, manufactures, advertises, and/or sells its GENIUS "Collagen" cosmetics (the "Products")[1] throughout the United States, including in New York. Algenist markets its Products in a systematically misleading manner by conspicuously

---

[1] The Products include:
(1) "GENIUS Sleeping Collagen"
https://www.algenist.com/collections/best-sellers/products/genius-sleeping-collagen (last accessed November 15, 2024);
(2) "GENIUS Liquid Collagen® Essence"
https://www.algenist.com/collections/best-sellers/products/genius-liquid-collagen-essence (last accessed November 15, 2024); and
(3) "GENIUS Liquid Collagen"
https://www.algenist.com/collections/best-sellers/products/genius-liquid-collagen (last accessed November 15, 2024).

misrepresenting on the Products' front labels that they contain "collagen"—an animal-derived protein, often included in skincare products for its anti-aging effects and other skin benefits.

2. Despite Algenist's conspicuous representations, however, the Products use a fake imitation of collagen "derived entirely from corn, soy and wheat plant protein fibers."[2] As Algenist itself acknowledges, its plant-based compound is formulated "to provide a functional and structural equivalent to animal-derived collagen."[3]

3. Algenist's most recent labeling of its Products is depicted below:

**[Intantionally Left Blank]**

---

[2] https://www.algenist.com/pages/active-vegan-collagen (last accessed November 14, 2024).
[3] *Id.*

2



**Ingredients:**

Hydrolyzed Collagen* Water (Aqua, Eau), Ethylhexyl Palmitate, Oryza Sativa (Rice) Bran Extract, Caprylic/Capric Triglyceride, Glycerin, Cetearyl Methicone, Dimethicone, Cetearyl Alcohol, Pyrus Malus (Apple) Fruit Extract, Chlorella Protothecoides Oil, Polysorbate 60, Glyceryl Glucoside , Polyglyceryl-2 Stearate, Parachlorella Beijerinckii Exopolysaccharides, Collagen Amino Acids (Vegan)*, Ceramide NP, Silybum Marianum Fruit Extract, Helianthus Annuus (Sunflower) Extract, Rosmarinus Officinalis (Rosemary) Leaf Extract, Tocopherol, Carnosine, Sodium Stearoyl Glutamate, Caprylyl Glycol, Ammonium Acryloyldimethyltaurate/VP Copolymer, Ethylhexylglycerin, Hexylene Glycol, Citric Acid, Lecithin, Sodium Hydroxide, Sodium Phytate, t-Butyl Alcohol, Leuconostoc/Radish Root Ferment Filtrate, Phenoxyethanol, Triethyl Citrate, Vanillin, Amyl Salicylate, Benzyl Acetate, Cedrus Atlantica Bark Oil, Phenethyl Alcohol, Ionone, Linalool



Water (Aqua, Eau), Hydrolyzed Collagen* Pentylene Glycol, Butylene Glycol, Propanediol, Glycerin, Isononyl Isononanoate, Collagen Amino Acids, Parachlorella Beijerinckii Exopolysaccharides, Chlorella Protothecoides Oil, Helianthus Annuus (Sunflower) Seed Oil, Caprylic/Capric Triglyceride, Limnanthes Alba (Meadowfoam) Seed Oil, Coco-Caprylate/Caprate, Castor Oil/IPDI Copolymer, Saccharide Isomerate, Polyacrylate Crosspolymer-6, T-Butyl Alcohol, Disodium EDTA, Amodimethicone, Carbomer, Tocopherol, Homosalate, Butyl Methoxydibenzoylmethane, Octocrylene, Sodium Hydroxide, Leuconostoc/Radish Root Ferment Filtrate, Phenoxyethanol, Fragrance (Parfum), Beta- Carotene (CI 40800).



**Ingredients:** Hydrolyzed Collagen* Water (Aqua, Eau), Propanediol, Isononyl Isononanoate, Butylene Glycol, Glycerin, Betaine, Pentylene Glycol, Dextrin Palmitate, Collagen Amino Acids (Vegan)*, Parachlorella Beijerinckii Exopolysaccharides, Chlorella Protothecoides Oil, Helichrysum Stoechas Flower Extract, Cylindrotheca Fusiformis Extract, Niacinamide, Tocopherol, Palmitoyl Tripeptide-1, Palmitoyl Tetrapeptide-7, Adenosine, Helianthus Annuus (Sunflower) Seed Oil, Leuconostoc/Radish Root Ferment Filtrate, Caprylic/Capric Triglyceride, Palmitic Acid,  Disodium EDTA, Carbomer, Sodium Lactate, Amodimethicone, Homosalate, Polysorbate 20, Butyl Methoxydibenzoylmethane, 1,2-Hexanediol, Caprylyl Glycol, Octocrylene, Sodium Hydroxide, Phenoxyethanol, Fragrance (Parfum), Limonene, Beta-Carotene (CI 40800).

3

4. Algenist's deceptive conduct is further underscored by the fact that similar cosmetics representing collagen do, in fact, contain the genuine animal-sourced ingredient, as depicted below:





//
//
//
//
//
//
//



**Ingredients**

Aqua, Salmon Collagen, Isopropyl Myristate, Pentaerythrityl Tetraisostearate, Cetearyl Alcohol, Dimethicone, Glycerin, Cetyl Alcohol, Stearyl Alcohol, PEG-20 Stearate, Ceteareth-20, Caprylyl Glycol, Allantoin, Propylene Glycol, Triethanolamine, Disodium Edta, Methylisothiazoline

5.     As a result of its deceptive conduct, Algenist is, and continues to be, unjustly enriched at the expense of their consumers.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(a) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00 exclusive of interest and costs, there are over 100 members of the putative class, and at least one class member is a citizen of a state different than Defendants.[4]

7.     This Court has personal jurisdiction over Defendants because they conduct substantial business within New York, including the sale, marketing, and advertising of the

---

[4] Based on their most recent corporate filings with the State of California Secretary of State, Defendant Algenist LLC's sole member is Tengram Capital Associates II LLC whose sole member is William Sweedler, a Connecticut resident. Similarly, Tengram Capital Partners LP's sole partner is William Sweedler, a Connecticut resident.

Products. Furthermore, a substantial portion of the events giving rise to Plaintiff's claims occurred in this State, including Plaintiff's purchases.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants conduct substantial business in this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## PARTIES

9. Plaintiff Adelina Pepenella is a citizen of New York, who resides in Queens, New York. Plaintiff purchased Algenist's Products (including, but not limited to, Algenist's "GENIUS Sleeping Collagen" and "GENIUS Liquid Collagen" Products) for her personal use on various occasions within the applicable statute of limitations, with her most recent purchases taking place on or about February of 2024 at a local cosmetic store located in New York, New York. Prior to making her purchases, Plaintiff Pepenella saw that the Products were labeled and marketed as containing "Collagen." Plaintiff Pepenella relied on Algenist's representations when she decided to purchase the Products over comparable products that did not make those claims. Plaintiff Pepenella saw Algenist's representations prior to and at the time of her purchases and understood them as a representation and warranty that the Products contained animal-based collagen. Plaintiff Pepenella relied on these representations and warranties in deciding to purchase the Products. Accordingly, those representations and warranties were part of the basis of her bargains, in that she would not have purchased the Products on the same terms had she known that those representations were not true. Furthermore, in making her purchases, Plaintiff Pepenella paid a substantial price premium due to Algenist's false and misleading representations concerning the Products. Plaintiff Pepenella, however, did not receive the benefit of her bargains because those representations were not, in fact, true.

6

10. Defendant Algenist LLC is a Delaware limited liability company headquartered in Glendale, California. Defendant Tengram Capital Partners LP is a Delaware limited partnership with its principal place of business located in Westport, Connecticut.

11. At all relevant times herein, Defendants acted collectively or as authorized agents of each other in formulating, manufacturing, advertising, and/or selling the Products. As such, they are jointly and severally liable for each and every one of the violations alleged herein.

## GENERAL ALLEGATIONS

12. Collagen is the most prevalent protein found in animals, fish, and humans.[5] This insoluble fibrous protein is found in tendons and ligaments, as well as the cornea, cartilage, bones, gut, blood vessels and intervertebral discs.[6]

13. Collagen is an animal protein found primarily in the connective tissues of animals, including their skin, bones, and cartilage. Collagen is not found in plants.

14. In recent years, collagen has skyrocketed in popularity due to its purported anti-aging benefits in maintaining youthful skin, hair, and nails.[7] As a result, sales of collagen more

---

[5] Ananya Mandal, MD., *What is Collagen*, NEWS MED LIFE SCIS., https://www.news-medical.net/health/What-is-Collagen.aspx ("In nature, collagen is found exclusively in animals, especially in the flesh and connective tissues of mammals.") (last accessed August 12, 2024); INTERNATIONAL FOOD RESEARCH JOURNAL 22(1), Hashim, P., Ridzwan, M. M. S., Bakar, J., & Hashim, M. D., *Collagen in food and beverage industries*, (2015); EC NUTRITION, Raman, M., & Gopakumar, K., *Fish collagen and its applications in food and pharmaceutical*, (2018) ("Collagen is the most abundant and ubiquitous protein in animal origin, which comprising approximately 30% of total protein. Collagen is mainly presents in all connective tissues, including animal skin, bone, cartilage, tendon and blood vessels.").
[6] *Id.*
[7] Sally Wadyka, The Real Deal on Collagen*: Can Popping a Pill or Eating Foods with Collagen Improve your Skin, Hair, Nails, or Joints?* CR: CONSUMER REPORTS (Oct. 13, 2020), https://www.consumerreports.org/supplements/the-real-deal-on-collagen/ (last accessed August 12, 2024); *see also* Yola Robert, *Here's Why Wellness Brands Are Investing Into Collagen*, FORBES (Nov. 15, 2021, 6:41 PM), https://www.forbes.com/sites/yolarobert1/2021/11/15/heres-why-wellness-brandsare-investing-

than doubled between 2018 and 2020 and are expected to reach over $16 billion by 2028.

15.     Aware of this consumer demand, market players rushed to include collagen within their product lines. Collagen is widely available today in various forms, including as a food ingredient, in dietary supplements, and, pertinent to this context, in cosmetics.

16.     Algenist is among the major players that have capitalized on this demand. However, unlike most manufacturers, Algenist does not actually use collagen in its Products at all. Instead, Algenist's Products use corn, soy, and wheat protein fibers to "mimic" the characteristics of animal-derived collagen.[8]

17.     Algenist, having superior knowledge of the market and the composition of its Products, has misled consumers into believing that they were purchasing a sought-after ingredient (*i.e.*, collagen). The use of corn, soy, and wheat instead of collagen represents a significant cost-saving measure for Algenist. Manufacturing collagen, particularly marine collagen, is notably more expensive due to the complex processes involved in raw material procurement, extraction, and rigorous quality control measures.[9] In contrast, corn, soy, and wheat fiber are generally less costly to produce and process. This substitution likely results in a higher profit margin for Algenist, as the production costs for corn, soy, and wheat fiber collagen are substantially lower than those associated with genuine animal collagen manufacturing.

18.     Algenist's misleading and deceptive practices proximately caused harm to Plaintiff and the proposed class members who suffered an injury in fact and lost money or

---

into-collagen/?sh=29a438223a13 (noting that the "global collagen market was at an estimated $3.5 billion in 2018 and jumped to $8.36 billion in 2020 with anticipated growth to $16.70 billion by 2028") (last accessed November 15, 2024).
[8] https://www.algenist.com/pages/our-ingredients (last accessed November 15, 2024).
[9] https://www.verifiedmarketresearch.com/product/marine-collagen-market/ (last accessed November 15, 2024).

8

property as a result of Algenist's deceptive conduct.

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action on behalf of herself and all other similarly situated persons pursuant to Federal Rules of Civil Procedure 23(a), (b)(1), and (b)(3). Specifically, the Classes are defined as:

> **Nationwide Class:** All persons in the United States who, during the maximum period of time permitted by law, purchased Algenist's Products primarily for personal, family or household purposes, and not for resale.
>
> **New York Subclass:** All persons residing in New York who, during the maximum period of time permitted by the law, purchased Algenist's Products primarily for personal, family or household purposes, and not for resale.

20. The Classes do not include (1) Algenist, their officers, and/or their directors; or (2) the Judge to whom this case is assigned and the Judge's staff.

21. Plaintiff reserves the right to amend the above class definitions and add additional classes and subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

22. *Community of Interest*: There is a well-defined community of interest among members of the Classes, and the disposition of the claims of these members of the Classes in a single action will provide substantial benefits to all parties and to the Court.

23. *Numerosity*: While the exact number of members of the Classes is unknown to Plaintiff at this time and can only be determined by appropriate discovery, upon information and belief, members of the Classes number in the millions. Members of the Classes may also be notified of the pendency of this action by mail and/or publication through the distribution records

of Algenist and third-party retailers and vendors.

24. ***Existence and predominance of common questions of law and fact***: Common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting only individuals of the Classes. These common legal and factual questions include, but are not limited to:

(a) Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Products are deceptive;

(b) Whether Algenist fraudulently induced Plaintiff and the members of the Classes into purchasing the Products;

(c) Whether Plaintiff and the members of the Classes have suffered damages as a result of Algenist's actions and the amount thereof;

(d) Whether Plaintiff and the members of the Classes are entitled to statutory damages; and

(e) Whether Plaintiff and the members of the Classes are entitled to attorney's fees and costs.

25. ***Typicality:*** The claims of the named Plaintiff are typical of the claims of other members of the Classes in that the named Plaintiff was exposed to Algenist's false and misleading marketing, purchased Algenist's Products, and suffered a loss as a result of those purchases.

26. ***Adequacy***: Plaintiff will fairly and adequately represent and protect the interests of the Classes as required by Federal Rule of Civil Procedure Rule 23(a)(4). Plaintiff is an adequate representative of the Classes because she has no interests which are adverse to the interests of the members of the Classes. Plaintiff is committed to the vigorous prosecution of this

action and, to that end, Plaintiff has retained skilled and experienced counsel.

27. Moreover, the proposed Classes can be maintained because they satisfy both Rule 23(a) and 23(b)(3) because questions of law or fact common to the Classes predominate over any questions affecting only individual members and a Class Action is superior to all other available methods of the fair and efficient adjudication of the claims asserted in this action under Federal Rule of Civil Procedure 23(b)(3) because:

(a) The expense and burden of individual litigation makes it economically unfeasible for members of the Classes to seek to redress their claims other than through the procedure of a class action;

(b) If separate actions were brought by individual members of the Classes, the resulting duplicity of lawsuits would cause members of the Classes to seek to redress their claims other than through the procedure of a class action; and

(c) Absent a class action, Algenist likely will retain the benefits of their wrongdoing, and there would be a failure of justice.

## CAUSES OF ACTION

### COUNT I
### Violation of State Consumer Protection Statues[10]
### (On Behalf of Plaintiff and the Nationwide Class)

28. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

29. The Consumer Protection Statutes of the Nationwide Class members prohibit the use of deceptive, unfair, and misleading business practices in the conduct of trade or commerce.

30. By the acts and conduct alleged herein, Algenist engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the packaging of its Products that they contain "Collagen." Despite those representations, however, the Products do not contain collagen at all.

---

[10] While discovery may alter the following, Plaintiff asserts that the states with similar consumer fraud laws under the facts of this case include but are not limited to: Alaska Stat. § 45.50.471, et seq.; Ariz. Rev. Stat. §§ 44-1521, et seq.; Ark. Code § 4-88-101, et seq.; Cal. Bus. & Prof. Code § 17200, et seq.; Cal. Civ. Code §1750, et seq.; Colo. Rev. Stat. Ann. § 6-1-101, et seq.; Colo. Rev. Stat. Ann. § 6-1-101, et seq.; Conn. Gen Stat. Ann. § 42- 110, et seq.; 6 Del. Code § 2513, et seq.; D.C. Code § 28-3901, et seq.; Fla. Stat. Ann.§ 501.201, et seq.; Ga. Code Ann. § 10-1-390, et seq.; Haw. Rev. Stat. § 480-2, et seq.; Idaho Code. Ann. § 48-601, et seq.; 815 ILCS 501/1, et seq.; Ind. Code § 24-5-0.5-2, et seq.; Kan. Stat. Ann. § 50-623, et seq.; Ky. Rev. Stat. Ann. § 367.110, et seq.; LSA-R.S. 51:1401, et seq.; Me. Rev. Stat. Ann. Tit. 5, § 207, et seq.; Md. Code Ann. Com. Law, § 13-301, et seq.; Mass. Gen Laws Ann. Ch. 93A, et seq.; Mich. Comp. Laws Ann. § 445.901, et seq.; Minn. Stat. § 325F, et seq.; Mo. Rev. Stat. § 407, et seq.; Neb. Rev. St. §§ 59-1601, et seq.; Nev. Rev. Stat. § 41.600, et seq.; N.H. Rev. Stat. § 358-A:1, et seq.; N.J. Stat. Ann. § 56:8, et seq.; N.M. Stat. Ann. § 57-12-1, et seq.; N.Y. Gen. Bus. Law § 349, et seq.; N.C. Gen Stat. § 75-1.1, et seq.; N.D. Cent. Code § 51-15, et seq.; Ohio Rev. Code Ann. § 1345.01, et seq.; Okla. Stat. tit. 15 § 751, et seq.; Or. Rev. Stat. § 646.605, et seq.; 73 P.S. § 201-1, et seq.; R.I. Gen. Laws § 6-13.1- 5.2(B), et seq.; S.C. Code Ann. §§ 39-5- 10, et seq.; S.D. Codified Laws § 37-24-1, et seq.; Tenn. Code Ann. § 47-18-101, et seq.; Tex. Code Ann., Bus. & Con. § 17.41, et seq.; Utah Code. Ann. § 13-11-175, et seq.; 9 V.S.A. § 2451, et seq.; Va. Code Ann. § 59.1-199, et seq.; Wash. Rev. Code § 19.86.010, et seq.; W. Va. Code § 46A, et seq.; Wis. Stat. § 100.18, et seq.; and Wyo. Stat. Ann. § 40-12-101, et seq.

31. The foregoing deceptive acts and practices were directed at consumers.

32. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Products.

33. As a result of Algenist's deceptive practices, Plaintiff and the Nationwide Class members suffered an economic injury because they would not have purchased (or paid a premium for) the Products had they known the veracity of Algenist's misrepresentations.

34. On behalf of herself and the Nationwide Class members, Plaintiff seeks to recover their actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs.

### COUNT II
### Violation of New York G.B.L. § 349
### (On Behalf of Plaintiff and the New York Subclass)

35. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

36. New York's General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce.

37. In its sale of Products throughout the state of New York, at all relevant times herein, Algenist conducted business and trade within the meaning and intendment of New York's General Business Law § 349.

38. Plaintiff and the New York Subclass members are consumers who purchased the Products from Algenist for their personal use.

39. By the acts and conduct alleged herein, Algenist engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the packaging of its Products that they contain "Collagen." Despite those representations, however, the Products do not

contain collagen at all.

40. The foregoing deceptive acts and practices were directed at consumers.

41. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Products.

42. As a result of Algenist's deceptive practices, Plaintiff and the New York Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Products had they known the veracity of Algenist's misrepresentations.

43. On behalf of herself and the New York Subclass members, Plaintiff seeks to recover their actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees and costs.

### COUNT III
### Violation of New York G.B.L. §350
### (On Behalf of Plaintiff and the New York Subclass)

44. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

45. New York's General Business Law § 350 prohibits false advertising in the conduct of any business, trade, or commerce.

46. Algenist violated New York General Business Law § 350 by representing on the packaging of the Products that the Products contain "Collagen." Despite those representations, however, the Products do not contain collagen at all.

47. The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

48. Algenist's misrepresentations have resulted in consumer injury or harm to the public interest.

49. As a result of Algenist's false advertising, Plaintiff and the New York Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Products had they known the veracity of Algenist's misrepresentations.

50. On behalf of herself and the New York Subclass members, Plaintiff seeks to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Algenist, as follows:

(a) For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of the Classes; and naming Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(c) For compensatory, statutory and punitive damages in amounts to be determined by the Court and/or jury;

(d) For prejudgment interest on all amounts awarded;

(e) For an order of restitution and all other forms of equitable monetary relief; and

(f) For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated November 15, 2024　　　　　　　Respectfully submitted,

**GUCOVSCHI ROZENSHTEYN, PLLC**

By:  /s/ Adrian Gucovschi
　　　Adrian Gucovschi, Esq.

Adrian Gucovschi
Benjamin Rozenshteyn
Nathaniel Haim Sari (*pro hac vice* forthcoming)
140 Broadway, Suite 4667
New York, NY 10005
Tel: (212) 884-4230
adrian@gr-firm.com
ben@gr-firm.com
nsari@gr-firm.com

*Counsel for Plaintiff and the Classes*